UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| LINDA S. VERGARA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:20-cv-00485-SLC |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, *sued as Kilolo Kijakazi,*[1] | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Plaintiff Linda S. Vergara appeals to the district court from a final decision of the

Commissioner of Social Security ("Commissioner") denying her application under the Social

Security Act (the "Act") for Disability Insurance Benefits ("DIB").  (ECF 1).  Because at least

one of Vergara's arguments is persuasive, the Commissioner's final decision will be

REVERSED and the case REMANDED for further proceedings in accordance with this Opinion

and Order.

## I.  FACTUAL AND PROCEDURAL HISTORY

Vergara applied for DIB in August 2018, alleging disability since June 30, 2004.  (ECF

16 Administrative Record ("AR") 15, 153-54).  Vergara was last insured for DIB on December

31, 2009.  (AR 15, 170).  Thus, she must establish that she was disabled as of that date.  *See*

*Stevenson v. Chater*, 105 F.3d 1151, 1154 (7th Cir. 1997) (explaining that a claimant must

establish that he was disabled as of his date last insured in order to recover DIB).

Vergara's claim was denied initially and upon reconsideration.  (AR 15, 71, 80).  On

---

[1]  Kilolo Kijakazi is now the Acting Commissioner of Social Security, *see, e.g.*, *Butler v. Kijakazi*, 4 F.4th 498 (7th Cir. 2021), and thus, she is automatically substituted for Andrew Saul in this case, *see* Fed. R. Civ. P. 25(d).

December 11, 2019, administrative law judge ("ALJ") Genevieve Adamo held an administrative hearing at which Vergara, who was represented by counsel, and a vocational expert ("VE") testified. (AR 33-63). On March 4, 2020, the ALJ rendered an unfavorable decision to Vergara, concluding that she was not disabled through her date last insured because she could perform a significant number of unskilled, sedentary jobs in the national economy, including addresser, table worker, and document preparer. (AR 15-26). The Appeals Council denied Vergara's request for review (AR 1-6), at which point the ALJ's decision became the final decision of the Commissioner, 20 C.F.R. § 404.981.

Vergara filed a complaint with this Court on December 23, 2020, seeking relief from the Commissioner's decision. (ECF 1). In her appeal, Vergara alleges that the ALJ erred by: (1) failing to include sitting limitations in the residual functional capacity ("RFC") and in the hypothetical posed to the VE; (2) failing to properly consider the opinion of G. David Bojrab, M.D.; (3) failing to properly assess her symptom testimony; (4) failing to carry the Commissioner's step-five burden to identify a significant number of jobs in the national economy; and (5) relying on the VE at step five whose testimony lacked the proper foundation. (ECF 24 at 6).

At the time of her date last insured, Vergara was forty-eight years old (AR 153); had a high school education (AR 38-39, 183); and had past relevant work as a management trainee/assistant manager, and a manager (AR 24; *see* AR 184). When filing her DIB application, Vergara alleged disability due to uncontrolled type one diabetes with hypoglycemia, peripheral neuropathy, autonomic neuropathy, stage three kidney disease, chronic back pain, anxiety/depression, glaucoma, macular degeneration, stage one diabatic retinopathy, and non-alcoholic fatty liver disease. (AR 182).

## II.  STANDARD OF REVIEW

Section 405(g) of the Act grants this Court the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . , with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g). The Court's task is limited to determining whether the ALJ's factual findings are supported by substantial evidence, which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (citation omitted).  The decision will be reversed "only if [it is] not supported by substantial evidence or if the [ALJ] applied an erroneous legal standard."  *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000) (citation omitted).

To determine if substantial evidence exists, the Court "review[s] the entire administrative record, but do[es] not reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner."  *Id.* (citations omitted).  "Rather, if the findings of the Commissioner . . . are supported by substantial evidence, they are conclusive." *Jens v. Barnhart*, 347 F.3d 209, 212 (7th Cir. 2003) (citation omitted).  "In other words, so long as, in light of all the evidence, reasonable minds could differ concerning whether [the claimant] is disabled, we must affirm the ALJ's decision denying benefits."  *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996).

## III.  ANALYSIS

### A.  *The Law*

Under the Act, a claimant seeking DIB must establish that she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less

than twelve months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

The Commissioner evaluates disability claims pursuant to a five-step evaluation process, requiring consideration of the following issues, in sequence: (1) whether the claimant is currently unemployed in substantial gainful activity, (2) whether she has a severe impairment, (3) whether her impairment is one that the Commissioner considers conclusively disabling, (4) whether she is incapable of performing her past relevant work, and (5) whether she is incapable of performing any work in the national economy.[2] *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001); *see also* 20 C.F.R. § 404.1520. An affirmative answer leads either to the next step or, on steps three and five, to a finding that the claimant is disabled. *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001). A negative answer at any point other than step three stops the inquiry and leads to a finding that the claimant is not disabled. *Id.* The burden of proof lies with the claimant at every step except the fifth, where it shifts to the Commissioner. *Clifford*, 227 F.3d at 868.

### B. The Commissioner's Final Decision

On March 4, 2020, the ALJ issued a decision that ultimately became the Commissioner's final decision. (AR 15-26). As a threshold matter, the ALJ noted that Vergara last met the insured status requirements for DIB on December 31, 2009. (AR 17). The ALJ then found at step one that while Vergara had worked after her alleged onset date of June 30, 2004, through

---

[2] Before performing steps four and five, the ALJ must determine the claimant's RFC or what tasks she can do despite her limitations. 20 C.F.R §§ 404.1520(e), 404.1545(a). The RFC is then used during steps four and five to help determine what, if any, employment the claimant is capable of. 20 C.F.R. § 404.1520(e).

her date last insured of December 31 2009, such work did not rise to the level of substantial gainful activity. (*Id.*). At step two, the ALJ determined that Vergara had the following severe impairments through her date last insured: lumbar degenerative disc disease with radiculopathy and history of L5-S1 decompression, diabetes mellitus, renal insufficiency, and neuropathy. (*Id.*). At step three, the ALJ concluded that Vergara did not have an impairment or combination of impairments severe enough to meet or equal a listing through her date last insured. (AR 20).

Before proceeding to step four, the ALJ assigned Vergara the following RFC:

> [T]hrough the date last insured, the claimant had the [RFC] to perform sedentary work as defined in 20 CFR 404.1567(a) except never climbing ladders, ropes, or scaffolds; occasionally climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; must avoid unprotected heights and dangerous moving machinery; and could perform frequent handling and fingering.

(*Id.*). Based on the assigned RFC and the VE's testimony, the ALJ found at step four that Vergara was unable to perform her past relevant work through her date last insured. (AR 24). At step five, however, the ALJ found that Vergara could perform a significant number of unskilled, sedentary jobs in the economy through her date last insured, including addresser, table worker, and document preparer. (AR 25). Therefore, Vergara's application for DIB was denied. (AR 26).

## C. The RFC

Vergara argues that the ALJ erred when assigning the RFC by concluding that she could sit for six hours in an eight-hour workday as required for sedentary work, despite her report that she experiences back and leg pain after sitting for just thirty minutes. (ECF 24 at 16-19). Given that the ALJ completely ignored Vergara's testimony that she experiences pain upon prolonged sitting, this argument necessitates a remand of the ALJ's decision.

The RFC is "the individual's *maximum* remaining ability to do sustained work activities

in an ordinary work setting on a regular and continuing basis," meaning eight hours a day, for five days a week. SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996) (second emphasis omitted). That is, the "RFC does not represent the *least* an individual can do despite his or her limitations or restrictions, but the *most*." *Id.* at *1; *see also Young v. Barnhart*, 362 F.3d 995, 1000-01 (7th Cir. 2004); 20 C.F.R. § 404.1545(a)(1).

> The [RFC] assessment is based upon consideration of all relevant evidence in the case record, including medical evidence and relevant nonmedical evidence, such as observations of lay witnesses of an individual's apparent symptomology, an individual's own statement of what he or she is able or unable to do, and many other factors that could help the adjudicator determine the most reasonable findings in light of all the evidence.

SSR 96-5p, 1996 WL 374183, at *5 (July 2, 1996); *see* 20 C.F.R. § 404.1545(a)(3). Therefore, when determining the RFC, the ALJ must consider all medically determinable impairments, mental and physical, even those that are non-severe. 20 C.F.R. § 404.1545(a)(2); *see also Liggins v. Colvin*, 593 F. App'x 564, 568 (7th Cir. 2015); *Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir. 2008).

Sedentary work requires the capacity to sit for six hours in an eight-hour workday. *See Collins v. Astrue*, 324 F. App'x 516, 517 (7th Cir. 2009) (citing 20 C.F.R. § 404.1567(a); SSR 83-10, 1983 WL 31251, at *5 (Jan. 1, 1983)); *see also Jens*, 347 F.3d at 213. Here, the record reflects that Vergara's back and leg pain worsened with walking and standing, and lessened, at least to some extent, by intermittently sitting, leaning on something, or lying down. (*See*, e.g., AR 50, 1841, 1921, 2004, 2084-85). But there is also evidence—namely, Vergara's symptom testimony and questionnaires— that sitting did not always relieve her pain and, further, that sitting more than thirty minutes exacerbated it. (*See, e.g.*, AR 50, 210, 218, 2073, 2078, 2084-85, 2090). When assigning an RFC for sedentary work and posing hypotheticals to the VE, the

ALJ never mentioned —much less discussed—Vergara's reports of back and leg pain from
prolonged sitting.  This constitutes reversible error.  *See Liggins*, 593 F. App'x at 568
(remanding where the ALJ ignored the claimant's testimony and medical evidence that she could
not sit for more than thirty minutes when assigning an RFC for sedentary work); *Washington v.
Colvin,* No. 12 C 4995, 2013 WL 1903247, at *11 (N.D. Ill. May 7, 2013) (remanding the ALJ's
decision for failing to explain why the she rejected the claimant's testimony of sitting limitations
when assigning an RFC for sedentary work).

  To the extent the ALJ did address Vergara's symptom testimony in the context of her
knee and leg pain, the ALJ failed to specifically address Vergara's ability to set for extended
periods or explain how it is inconsistent with the other evidence in the record.  In discounting the
severity of Vergara's symptom testimony, the ALJ relied on the objective medical evidence, as
well as Vergara's daily activities.  When summarizing the objective medical evidence pertaining
to Vergara's back and leg pain—including that she underwent a lumbar fusion and spinal
injections during or shortly after the relevant period—the ALJ focused on Vergara's complaints
of a limited ability to stand and walk, overlooking her complaints of pain upon prolonged sitting.
(*See* AR 21-24); *see, e.g.*, *Diforte v. Berryhill*, No. 1:16-cv-5786(FB), 2018 WL 5045763, at *3
(E.D.N.Y. Oct. 17, 2018) (finding that the ALJ played doctor when concluding that the
claimant's normal gait, full muscle strength, and lack of sensory abnormalities were
"inconsistent with his alleged pain and inability to sit for long periods of time").  "Although an
ALJ need not mention every snippet of evidence in the record, the ALJ must connect the
evidence to the conclusion; in so doing, [she] may not ignore entire lines of contrary evidence."
*Arnett v. Astrue*, 676 F.3d 586, 592 (7th Cir. 2012) (collecting cases); *see also Thomas v. Colvin*,
745 F.3d 802, 806 (7th Cir. 2014).

As to Vergara's daily activities, the ALJ considered Vergara's testimony that during the relevant period she got her sons to school, cared for her ill husband and her mother, and performed household chores (other than vacuuming and mopping)—concluding that these activities undermined her claimed severity of her back and leg pain.  (AR 21; *see* AR 42-43).  But these daily activities are not inconsistent with an ability to change positions at will from sit to stand, or with the opportunity to take intermittent breaks and lie down.  *See, e.g.*, *Diforte*, 2018 WL 5045763, at *4 (The claimant's "daily activities such as driving, cooking, watching television, caring for pets, preparing simple meals, and shopping for light groceries . . . . does not necessarily require Diforte to sit . . . for up to 6 hours in an 8-hour day."); *Garcia v. Berryhill*, No. ED CV 16-2592-PLA, 2017 WL 4142223, at *7 (C.D. Cal. Sept. 18, 2017) ("[E]ven caring for small foster children still permitted the claimant to rest, take naps, and shower throughout the day, all of which would be impossible at a traditional full-time job" (citation and internal quotation marks omitted)).  Thus, Vergara's daily activities do not necessarily undermine her report that she experiences pain upon sitting for more than thirty minutes.  *See Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012) ("The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . , and is not held to a minimum standard of performance, as she would be by an employer.").

In sum, "[t]he RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence."  SSR 96-8p, 1996 WL 374184, at *7.  Because the ALJ's decision omits any discussion of Vergara's complaints of pain upon sitting more than thirty

minutes, the ALJ's decision will be remanded for consideration of these complaints and an RFC for sedentary work, as well as articulation of the ALJ's reasoning relating hereto.[3]

## IV.  CONCLUSION

For the foregoing reasons, the Commissioner's decision is REVERSED, and the case is REMANDED to the Commissioner for further proceedings in accordance with this Opinion and Order.  The clerk is directed to enter a judgment in favor of Vergara and against the Commissioner.

SO ORDERED.

Entered this 9th day of June 2022.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

---

[3] Because a remand is warranted to consider Vergara's testimony of pain upon prolonged sitting and an RFC for sedentary work, the Court need not reach Vergara's remaining arguments.
    A final point, though Vergara asks the Court to reverse the Commissioner's decision and remand for an outright award of benefits (ECF 24 at 23; ECF 28 at 6), the Court declines to do so.  "An award of benefits is appropriate only if all factual issues have been resolved and the record supports a finding of disability."  *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005) (citations omitted); *see also Bray v. Astrue*, No. 2:10-CV-00352, 2011 WL 3608573, at *10 (N.D. Ind. Aug. 15, 2011).  Here, the record does not "yield but one supportable conclusion" in Vergara's favor.  *Briscoe ex rel. Taylor*, 425 F.3d at 355.