UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LINDA S. VERGARA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:20-cv-00485-SLC |
| COMMISSIONER OF SOCIAL SECURITY, *sued as Kilolo Kijakazi*,[1] | ) ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

Plaintiff Linda S. Vergara brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (ECF 1). On June 9, 2022, the Court reversed the Commissioner's denial of benefits and remanded the case for further proceedings. (ECF 29).

Vergara's attorney, Jason Rodman ("Counsel"), now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $12,695.23, less an offset for $10,200 in fees previously collected, resulting in a net payment of $2,495.23 for Counsel's representation of Vergara in federal court. (ECF 34). The Commissioner does not oppose Counsel's fee request. (ECF 35). For the following reasons, the motion for attorney fees will be GRANTED.

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security, *see, e.g.*, *Butler v. Kijakazi*, 4 F.4th 498 (7th Cir. 2021), and thus, she is automatically substituted for Andrew Saul in this case, *see* Fed. R. Civ. P. 25(d).

### A. Factual and Procedural Background

On December 23, 2020, Counsel entered into a fee agreement with Vergara for his representation of Vergara in federal court, in which Vergara agreed to pay him 25 percent of any past-due benefits awarded to her. (ECF 34-1).[2]

That same day, Vergara filed the instant action with this Court, appealing the Commissioner's denial of her application for disability benefits. (ECF 1). As stated earlier, the Court entered a judgment in Vergara's favor and remanded the case to the Commissioner on June 9, 2022. (ECF 29).

On August 30, 2022, Vergara filed a request for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $9,812 in attorney fees and $1,080 in research assistant fees, for a total EAJA fee award of $10,892, seeking payment for Counsel's 44.6 hours (plus 12 hours of research assistant time) spent advocating for Vergara's claim in federal court. (ECF 31, 31-3). On September 12, 2022, the Commissioner filed a joint stipulation to an award of EAJA fees in the amount of $10,200. (ECF 32). The Court subsequently granted Vergara's motion for EAJA fees, as modified by the parties' stipulation. (ECF 33).

On August 31, 2023, the Commissioner sent a notice of award to Vergara, informing that she was entitled to monthly disability benefits beginning August 2017 and that the Commissioner withheld $12,695.23 percent of Vergara's past-due benefits, to pay her attorneys. (ECF 34 ¶¶ 6, 7; ECF 34-5 at 1-3).[3]

On September 17, 2023, Counsel filed the instant motion pursuant to § 406(b), together with supporting documents, seeking the Court's approval of an award of $12,695.23, less an

---

[2] The most common fee arrangement between attorneys and social security claimants is the contingent fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

[3] Thus, the total past-due benefits is $50,780.92 ($12,695.23 x 4).

offset for $10,200 in EAJA fees previously collected, resulting in a net payment of $2,495.23 in attorney fees and legal assistant fees for Vergara's representation before this Court. (*See* ECF 34, 34-1 to 34-5).

### B. Legal Standard

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793-94. Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court. *Id*. Unlike fees obtained under the EAJA, the fees awarded under § 406 are charged against the claimant, not the government. *Id*. at 796.[4]

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level. *Gisbrecht*, 535 at 794-95; 20 C.F.R. § 404.1725(a).[5] Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795.[6] This 25 percent cap applies only to fees for court representation and not to the aggregate fees awarded under §§ 406(a) and (b). *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019). "[A] petition for fees under § 406(b)(1) must be brought within a reasonable time." *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987).

---

[4] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[5] There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 795.

[6] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

Section § 406(b) has been harmonized with the EAJA. *Gisbrecht*, 535 U.S. at 796. Although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee that the attorney received, as an EAJA award "offsets" an award under § 406(b). *Id.*

Unlike the award by the Commissioner under § 406(a), the Court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id.* at 808-09. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.
>   Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.

*Id*. at 807-08 (citations and footnotes omitted).

## *C. Analysis*

The Court is charged with determining whether Counsel's requested fee (prior to subtracting the EAJA award) of $12,695.23 under the fee agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A). Here, the Commissioner agrees that the requested fee does not exceed 25 percent of Vergara's past-due benefits. (ECF 35).

Counsel contends that the requested fee award of $12,695.23 is reasonable for the 44.6 attorney hours spent representing Vergara in federal court. (ECF 34 ¶ 3; *see id.* ¶ 13). It is obvious that Counsel obtained a good result for Vergara, as the Commissioner ultimately found her disabled and awarded her disability benefits. *See Gisbrecht*, 535 U.S. at 808 (acknowledging that courts consider in § 406(b) fee requests the character of the representation and the results the

representative achieved). Although, Counsel requested three motions for extensions of the deadline to file Vergara's opening brief (ECF 18, 20, 22), those motions were requested due to the fact that her case involved a remote "date last insured," a possible later period relating back, a lengthy record of 2400 pages, and the need to account for recent on-point case law. Thus, the extensions were requested for reasons that contributed to the successful outcome of the appeal. Additionally, Counsel requested one extension of the reply brief deadline (ECF 26), however this request did not contribute to any significant delay of this case as the extension only amounted to eight days. *See Gisbrecht*, 535 U.S. at 808 (considering any extensions requested by the attorney in an effort to assess whether the attorney created an unreasonable delay that would contribute to the attorney's profit from the accumulation of the claimant's past benefits); *Lopes v. Saul*, No. 3:17-CV-221-RLM-MGG, 2019 WL 5617044, at *1 (N.D. Ind. Oct. 31, 2019) (considering that "[n]othing in the record suggests [the plaintiff's counsel] or his co-counsel . . . caused any delay in the adjudication of [the plaintiff's] case" when granting a motion for § 406(b) fees).

The risk of loss the attorney assumes in representing the plaintiff is another factor some courts consider when assessing the reasonableness of the requested fee. "[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a de novo standard. The risk of loss is also greater in social security cases because there are no settlements." *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002); *see Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) ("The attorneys assumed significant risk in accepting these [Social Security] cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases." (footnote omitted)).

Further, Counsel's requested fee of $12,695.23 divided by the 44.6 hours he spent on the case in federal court equates to an effective rate of approximately $285 per hour. (*See* ECF 34 ¶¶ 3, 13). This effective rate is well within the range of previous awards approved by this Court. *See, e.g.*, *Toth v. Saul*, No. 1:17-cv-00516-SLC, 2020 WL 6441313, at *3 (N.D. Ind. Nov. 3, 2020) (awarding fee equating to $330 per hour); *Pence v. Saul,* No. 1:17-cv-00090-SLC, 2020 WL 1673031, at *3 (N.D. Ind. Apr. 6, 2020) (awarding fee equating to $554 per hour); *Clore v. Saul*, No. 1:17-cv-00026-SLC, 2020 WL 1673030, at *3 (N.D. Ind. Apr. 6, 2020) (awarding fee equating to $550 per hour).

Accordingly, the Court will grant Counsel's motion and authorize a § 406(b) fee award of $12,695.23, less the $10,200 in EAJA fees previously received, for a net award of $2,495.23. *See Gisbrecht*, 535 U.S. at 796; *see also O'Donnell v. Saul*, 983 F.3d 950, 957 (7th Cir. 2020) (stating that while not favored, "the netting method is permissible" with respect to payment of § 406(b) fees).

### D. Conclusion

For the foregoing reasons, Counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b) (ECF 34) is GRANTED in the amount of $12,695.23, less $10,200 in EAJA fees previously received, for a net award of $2,495.23. The Commissioner shall pay Counsel $2,495.23 out of the award of past-due benefits and release any remaining withheld past-due benefits to Vergara.

SO ORDERED.

Entered this 13th day of October 2023.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge